IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

FILED
Scott L. Poff, Clerk
United States District Court

*By CAsbell at 9:40 am, Apr 15, 2020*

| | |
|---|---|
| PHIL LEE MINCEY, | |
| Plaintiff, | CIVIL ACTION NO.: 6:19-cv-58 |
| v. | |
| DOCTOR BEVERLY BROWN; WARDEN KILPATRICK; and AUGUSTA UNIVERSITY, | |
| Defendants. | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff filed this action, asserting claims under 42 U.S.C. § 1983. Doc. 1. This matter is before the Court for a frivolity screening under 28 U.S.C. § 1915A. For the reasons stated below, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. All claims against Defendants Augusta University and Warden Kilpatrick; and

2. All claims against Defendant Brown in her official capacity.

However, I **FIND** that one of Plaintiff's claims may proceed. Specifically, the Court will direct service, by separate Order, of Plaintiff's claim for deliberate indifference against Defendant Beverly Brown in her individual capacity.

## PLAINTIFF'S CLAIMS[1]

While incarcerated at Smith State Prison in Glennville, Georgia, Plaintiff claims he was improperly denied necessary prescription medication by the medical director, Dr. Beverly

---

[1] All allegations set forth here are taken from Plaintiff's Complaint. Doc. 1. During frivolity review under 28 U.S.C. § 1915A, "[t]he complaint's factual allegations must be accepted as true." Waldman v. Conway, 871 F.3d 1283, 1289 (11th Cir. 2017).

Brown. Doc. 1 at 4. Plaintiff states he had previously been prescribed Neurotin for chronic pain in his nervous system, back, neck, legs, and arms. Id. at 5. Plaintiff claims Defendant Brown stopped his prescription on February 27, 2019 without ever seeing or examining him. Id. at 6. Plaintiff brings his claim against Defendants in both their individual and official capacities and seeks both compensatory and punitive damages. Id.

## STANDARD OF REVIEW

A federal court is required to conduct an initial screening of all complaints filed by prisoners and plaintiffs proceeding *in forma pauperis*. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(a). During the initial screening, the court must identify any cognizable claims in the complaint. 28 U.S.C. § 1915A(b). Additionally, the court must dismiss the complaint (or any portion of the complaint) that is frivolous, malicious, fails to state a claim upon which relief may be granted, or which seeks monetary relief from a defendant who is immune from such relief. Id. The pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993).

A claim is frivolous under § 1915(e)(2)(B)(i) if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)). In order to state a claim upon which relief may be granted, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim, a complaint must contain "more than

2

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  Twombly, 550 U.S. at 555.

## DISCUSSION

**I.        Plaintiff's Claims Against Defendants Kilpatrick and Augusta University**

Plaintiff names Warden Kilpatrick and Augusta University as Defendants in his suit. Doc. 1 at 4.  A pro se prisoner's § 1983 complaint must contain enough facts to state a claim that is "plausible on its face."  Twombly, 550 U.S. at 570.  While pro se plaintiffs are "not required to adhere to technical niceties" in drafting their complaints, they are still "required to 'state with some minimal particularity how overt acts of the defendant caused a legal wrong.'"  Kershaw v. White, No. 5:18-cv-166, 2018 WL 3463275, at *4 (M.D. Ga. July 18, 2018) (quoting Douglas v. Yates, 535 F.3d 1316, 1322 (11th Cir. 2008)); Harwood v. Wynn, No. 5:10-cv-411, 2010 WL 5128714, at *2 (M.D. Ga. Nov. 9, 2010) ("[A] district court properly dismisses a defendant when a prisoner . . . fails to state any allegations that connect the defendant with any alleged constitutional violation."); see also Fed. R. Civ. P. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").  Plaintiff does not state any facts related to Defendants Kilpatrick or Augusta University.  Plaintiff simply names these Defendants in his Complaint, which is authored on a standard § 1983 complaint form.  Doc. 1 at 1, 4.  Because Plaintiff states no facts related to these Defendants, his claims against them should be dismissed.

Plaintiff does, however, mention that he appealed his grievances to an unspecified warden and includes a statement of law relating to the duty owed to prisoners by prison officials, including wardens.  Id. at 4–5.  To the extent these statements could be construed as a supervisory liability claim against Defendant Kilpatrick, that claim should also be dismissed. Section 1983 liability must be based on something more than a defendant's supervisory position

3

or a theory of respondeat superior.  Bryant v. Jones, 575 F.3d 1281, 1299 (11th Cir. 2009); Braddy v. Fla. Dep't of Labor & Emp't Sec., 133 F.3d 797, 801 (11th Cir. 1998).  A supervisor may be liable only through personal participation in the alleged constitutional violation or when there is a causal connection between the supervisor's conduct and the alleged violations.  Id. at 802.  "To state a claim against a supervisory defendant, the plaintiff must allege (1) the supervisor's personal involvement in the violation of his constitutional rights, (2) the existence of a custom or policy that resulted in deliberate indifference to the plaintiff's constitutional rights, (3) facts supporting an inference that the supervisor directed the unlawful action or knowingly failed to prevent it, or (4) a history of widespread abuse that put the supervisor on notice of an alleged deprivation that he then failed to correct."  Barr v. Gee, 437 F. App'x 865, 875 (11th Cir. 2011).  As stated above, Plaintiff has failed to allege any facts specifically related to Defendant Kilpatrick's conduct.  Given the absence of any facts, Plaintiff has failed to allege facts supporting supervisory liability.  For these reasons, the Court should **DISMISS** all claims against Defendants Kilpatrick and Augusta University.

**II.     Plaintiff's Claims Against Defendant Brown in her Official Capacity**

Plaintiff states he is suing Defendant Brown in both her official and individual capacities.  Doc. 1 at 6.  However, Plaintiff cannot sustain a § 1983 claim for monetary damages against Defendant Brown in her official capacity.  States are immune from private suits pursuant to the Eleventh Amendment and traditional principles of state sovereignty.  Alden v. Maine, 527 U.S. 706, 712–13 (1999).  Because a lawsuit against a state officer in his official capacity is "no different from a suit against the [s]tate itself," such a defendant is immune from suit under Section 1983.  Id. at 71.  Here, the State of Georgia would be the real party in interest in a suit against Defendant Brown in her official capacity as an employee and officer of the Georgia

4

Department of Corrections. Accordingly, the Eleventh Amendment immunizes this actor from suit for monetary damages in her official capacity. See Free v. Granger, 887 F.2d 1552, 1557 (11th Cir. 1989). Absent a waiver of that immunity, Plaintiff cannot sustain any constitutional claims for monetary damages against Defendant Brown in her official capacity. Section 1983 does not abrogate the well-established immunities of a state from suit without its consent. Will v. Mich. Dep't of State Police, 491 U.S. 58, 67 (1989). Therefore, the Court should **DISMISS** Plaintiff's § 1983 claims for monetary relief against Defendant Brown in her official capacity.

## CONCLUSION

For the reasons set forth above, I **RECOMMEND** the Court **DISMISS** the following portions of Plaintiff's Complaint:

1. All claims against Defendants Augusta University and Warden Kilpatrick; and
2. All claims against Defendant Brown in her official capacity.

However, I **FIND** that one of Plaintiff's claims may proceed. Specifically, the Court will direct service, by separate Order, of Plaintiff's claim for deliberate indifference against Defendant Beverly Brown in her individual capacity.

Any party seeking to object to this Report and Recommendation is instructed to file specific written objections within 14 days of the date on which this Report and Recommendation is entered. See 28 U.S.C. § 636(b); Federal Rule of Civil Procedure 72(b)(2). Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present

additional evidence. Furthermore, it is not necessary for a party to repeat legal arguments in objections. The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; see Symonette v. V.A. Leasing Corp., 648 F. App'x 787, 790 (11th Cir. 2016); Mitchell v. United States, 612 F. App'x 542, 545 (11th Cir. 2015).

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a de novo determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge.

**SO REPORTED and RECOMMENDED**, this 15th day of April, 2020.

_____
BENJAMIN W. CHEESBRO
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA