IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION

PHIL LEE MINCEY,

    Plaintiff,

v.

BEVERLY BROWN,

    Defendant.

CIVIL ACTION NO.: 6:19-cv-58

## ORDER

This matter is before the Court on Plaintiff's Objections to the Magistrate Judge's Report and Recommendation dated June 28, 2021. Doc. 33. The Court has conducted an independent and de novo review of the entire record, including Plaintiff's Objections. For the reasons discussed below, the Court **OVERRULES** Plaintiff's Objections.

The Magistrate Judge recommended the Court grant Defendant Dr. Brown's Motion for Summary Judgment because he concluded Plaintiff could not prove the second subjective element of a deliberate indifference claim. Doc. 32. In his Objections, Plaintiff sets forth several arguments. However, none of Plaintiff's arguments show a genuine dispute for trial. At the beginning of his Objections, Plaintiff discusses several grievances and sick call slips he filed. Doc. 33 at 2. Plaintiff's exhaustion of administrative remedies is not at issue in Defendant's Motion for Summary Judgment. Thus, this information is of little relevance. Plaintiff then reasons his Complaint is a sworn complaint the Magistrate Judge should have considered. Id. at 2–3. The Magistrate Judge did, however, consider Plaintiff's Complaint. Doc. 32 at 2 n.1. Plaintiff asserts he requested various information Defendant never produced and was not permitted to be present

for Defendant's deposition. Doc. 33 at 3. Plaintiff failed to raise these issues or file any motion to compel during the course of discovery in this case.

Plaintiff once again discusses the prescriptions recommended by other doctors and the distribution of medications in a manner Plaintiff contends is contrary to policy. Id. at 2–4. The Magistrate Judge already considered these issues and properly concluded they did not raise a genuine dispute for trial. Doc. 32 at 8–9. Dr. Brown's decision to prescribe one medication over another is a matter of medical judgment that cannot subject Dr. Brown to liability. See Bauer v. Kramer, 424 F. App'x 917, 919 (11th Cir. 2011) (citing Adams v. Poag, 61 F.3d 1537, 1547 (11th Cir. 1995)). Moreover, the record reveals Dr. Brown did not simply ignore Plaintiff's medical needs because she saw Plaintiff on over 20 occasions for treatment. Thus, the Magistrate Judge did not err in finding Dr. Brown did not act with deliberate indifference to Plaintiff's medical needs by refusing to prescribe him a Gabapentin prescription at a specific dosage.

For the reasons discussed above, the Court **OVERRULES** Plaintiff's Objections and **CONCURS** with the Magistrate Judge's Report and Recommendation. The Court **GRANTS** Defendant's Motion for Summary Judgment, **DIRECTS** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment, and **DENIES** Plaintiff in forma pauperis status on appeal.

**SO ORDERED**, this 6th day of August, 2021.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA